NO. 07-06-0295-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 26, 2007


______________________________



ANCELVO GILAELAMADRID-HOCK, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 226TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2005CR1764; HON. SID L. HARLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Appellant Ancelvo Gilaelamadrid-Hock was convicted of the offense of aggravated
assault with a deadly weapon. He attempts, through four issues, to reverse his conviction
by alleging that 1) he was denied his right to confront various witnesses, 2) the evidence
was legally and factually insufficient to sustain his conviction, and 3) he received ineffective
assistance of counsel. We affirm the judgment.

 

 Background 

 The complainant, Antonio Trevino, who was 65 years of age, operated a laundromat
in San Antonio. On May 16, 2004, around 6:00 or 6:30 p.m., Trevino observed appellant,
who regularly washed clothing at the facility, using the telephone. Appellant and Trevino
were the only ones in the establishment. Trevino was behind the counter reading a
newspaper when he felt someone tap him on the back. He then observed appellant
attempting to speak some garbled words. At that point, appellant stabbed Trevino in his
left eye and nine times in the back.

 Though Trevino did not know appellant's name, appellant's mother lived in the
neighborhood. Her identity was discovered and that information was imparted to the
police. This led to the eventual arrest of appellant after he fled to California. 

 Issue 1 - Right of Confrontation 

 Initially, appellant argues that he was denied his constitutional right to confront
various individuals who provided information to Trevino about his identity. We overrule the
issue because appellant failed to raise that ground at trial. Instead, he mentioned
hearsay. (1) And, such a ground does not preserve error based upon the confrontation
clause. Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). 

 Issues 2 and 3 - Sufficiency of the Evidence

 In his next two issues, appellant challenges the legal and factual sufficiency of the
evidence underlying his conviction. Purportedly, the evidence failed to identify him as the
assailant. We overrule these issues as well.

 The standards by which we review these challenges are set forth in Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204
S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

 Next, regarding the claim of legal sufficiency, we find of record evidence that 1)
Trevino had seen appellant around his business since 2001 because appellant came to
do laundry about once a week, 2) most days appellant caught a bus in front of the laundry,
3) Trevino saw appellant use the pay phone prior to the attack, 4) no one other than
appellant and Trevino were in the laundromat at the time of the attack, 5) Trevino
unequivocally identified appellant at trial as his assailant, and 6) Trevino selected appellant
as his assailant from a photographic line-up prior to trial. This is some evidence, if
credited, upon which a rational jury could conclude beyond reasonable doubt that appellant
committed the assault.

 As to the claim of factual insufficiency, there does exist of record evidence that
Trevino had memory problems, purportedly failed to see his attacker, and uttered
inconsistent versions of what occurred. So too is there evidence that the physical
description he gave of his assailant only matched appellant in part. However, Trevino was
unwavering in his identification of appellant as the one who attacked him, and the factfinder
(i.e. the trial court) was free to believe him and discredit the contrary evidence. And, that
appellant fled the state upon discovering that the authorities were searching for him, that
appellant was the only other person in the laundromat at the time of attack, and that
Trevino had seen appellant many times before the attack were other factors which the
factfinder could have weighed in reaching the conclusion it did. Given this, we cannot say
that the finding of guilt was or is so against the great weight of the evidence as to
undermine our confidence in the outcome. Thus, the evidence is both legally and factually
sufficient. 

 Issue 4 - Ineffective Assistance of Counsel

 Finally, appellant argues he received ineffective assistance because his counsel
failed to object to evidence of extraneous offenses, failed to object to hearsay, failed to
develop a defense, failed to comply with the rules regarding impeachment of a witness,
and failed to properly present a motion for new trial. (2) The issue is overruled.

 To prevail on a claim of ineffective assistance, the complaining party must show not
only that his counsel's performance fell below an objectively reasonable standard but that
he was prejudiced by that deficiency. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). Furthermore, to be prejudicial, the record must show that there exists a reasonable
probability that, but for counsel's errors, the result of the proceeding would have been
different. Id. 

 We note that aside from a few conclusory allusions to harm and "inherent problems
with the complainant's testimony," appellant did not attempt to substantively address or
develop how there existed a reasonable probability that the result would have differed had
the supposed deficiencies not occurred. And, while we may speculate on the matter, the
task is not ours to perform for him. Thus, he did not carry the burden imposed upon him
by Bone. See Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (stating that the
failure to prove the prejudice prong bars relief); see also Ex parte McFarland, 163 S.W.3d
743, 756 (Tex. Crim. App. 2005) (holding that because appellant failed to address how the
result would have probably differed, he did not establish that he was entitled to reversal
due to counsel's purported ineffectiveness). 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish. 
1. Most of the evidence of which appellant complains was not objected to at all. 
2. To the extent that appellant has raised other areas in which he believes that his counsel's
performance was deficient, he has failed to adequately brief those complaints. See Tex. R. App. P. 38.1(h)
(requiring a brief to contain clear and concise argument for the contentions made with appropriate citations
to authorities and to the record). For example, while appellant complains of the failure to object to bolstering
and cites to authorities on bolstering, he fails to identify for us the exact statements that purportedly
constituted bolstering. Thus, those complaints were waived due to inadequate briefing.